UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MEI WANG CHENG,

Petitioner,

v.

CAUSE NO. 3:26-CV-243-CCB-SJF

BRIAN ENGLISH,

Respondent.

**OPINION AND ORDER**

Immigration detainee Mei Wang Cheng, by counsel, filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in

violation of the laws or Constitution of the United States. ECF 1. The Warden has

answered the petition. ECF 9. Cheng did not file a reply, and the time to do so has

passed. The petition is ready to be decided.

BACKGROUND

Cheng is a citizen of China who came to the United States in 1995 as a lawful

permanent resident. ECF 9-1 at 2. He was convicted in Florida in 2016 of robbery with a

firearm and burglary of a dwelling with a firearm and sentenced to 120 months'

imprisonment. *Id.* Upon his release from criminal custody in February 2024, he was

taken into the custody of Immigration and Customs Enforcement (ICE). *Id.* He was

ordered removed in April 2024.

Cheng filed this habeas petition in February 2026, arguing that his continued

detention, approaching two years following his removal order, was unlawful because

his removal was not reasonably foreseeable. Specifically, he argued his removal was not reasonably foreseeable because ICE has not obtained travel documents yet, and ICE has provided no timeline in which his removal might be effectuated.

In answering the petition, the Warden states "[o]n information and belief, ICE [Enforcement and Removal Operations] is currently working on obtaining travel documents from the Peoples Republic of China." ECF 9 at 2.

SUBJECT MATTER JURISDICTION

The Warden first argues that the court lacks subject matter jurisdiction over Cheng's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Regarding the merits of the petition, the Warden first argues that Cheng's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Because Cheng did  not appeal to the Board of Immigration Appeals, his removal order became administratively final when the time to appeal expired. *See* 8 U.S.C. § 1101(a)(47)(B).

for Cheng ended in 2024, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Cheng has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the Warden identifies only China as a country under consideration for removal. Cheng argues the lack of any progress towards his removal over the past two years shows his removal is not reasonably foreseeable. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Cheng's

3

removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701 ("[F]or detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink."). The Warden has produced no evidence to rebut this. The answer states "upon information and belief" ICE Enforcement and Removal Operations is working on obtaining travel documents, but does not provide a declaration from someone in a position to know about what steps have been taken. *See United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008) ("Counsel's unsupported statements are, of course, not evidence."). There is no evidence, in fact, that any steps have been taken towards Cheng's removal. Consequently, the court finds that the Warden has not adequately demonstrated that Cheng's removal is reasonably foreseeable. Therefore, the Warden must release him.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondent to release Mei Wang Cheng on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **June 25, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

4

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the

Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on June 24, 2026.

/s/*Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT
